**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Yeremey O. Krivoshey (State Bar No. 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:   ltfisher@bursor.com
          apersinger@bursor.com
          ykrivoshey@bursor.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE COULTER and RICHARD DANIELS, on Behalf of Themselves and all Others Similarly Situated,<br><br>  Plaintiffs,<br>    v.<br><br>ASCENT MORTGAGE RESOURCE GROUP LLC, d/b/a AMERICAN RENT TO OWN,<br><br>  Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT

1  Plaintiffs Michelle Coulter and Richard Daniels ("Plaintiffs"), individually and on behalf of all others similarly situated, allege the following on information and belief, except that Plaintiffs' allegations as to their own actions are based on personal knowledge.

## NATURE OF THE ACTION

1. Between April 11, 2016 and April 15, 2016, Defendant Ascent Mortgage Resource Group LLC d/b/a American Rent to Own ("Defendant" or "American Rent to Own") called Mr. Daniels on his cellular telephone at least 11 times using an autodialer and/or an artificial or prerecorded voice.  Mr. Daniels did not give Defendant prior express written consent to make these calls.

2. The following chart details 11 of Defendant's calls to Mr. Daniels:

| **Date** | **Time** | **Number Calling** |
|---|---|---|
| 4/11/16 | 10:27 AM | (303) 997-5756 |
| 4/11/16 | 12:23 PM | (303) 997-5756 |
| 4/11/16 | 2:07 PM | (303) 997-5756 |
| 4/12/16 | 8:15 AM | (303) 997-5756 |
| 4/12/16 | 9:18 AM | (303) 997-5756 |
| 4/12/16 | 10:18 AM | (303) 997-5756 |
| 4/12/16 | 11:38 AM | (303) 997-5756 |
| 4/12/16 | 12:58 PM | (303) 997-5756 |
| 4/12/16 | 2:24 PM | (303) 997-5756 |
| 4/13/16 | 8:16 AM | (303) 997-5756 |
| 4/15/16 | 12:11 PM | (303) 997-5756 |

3. On May 4, 2016, Defendant called Ms. Coulter at least five times on her cellular telephone using an autodialer and/or an artificial or prerecorded voice.  Ms. Coulter repeatedly requested that Defendant stop calling.  Defendant's calls continued despite Ms. Coulter's requests.

4. The following chart details 5 of Defendant's calls to Ms. Coulter:

| **Date** | **Time** | **Number Calling** |
|---|---|---|
| 5/4/16 | 2:15 PM | (303) 997-5756 |

CLASS ACTION COMPLAINT  1

| 5/4/16 | 2:50 PM | (303) 997-5756 |
| --- | --- | --- |
| 5/4/16 | 3:25 PM | (303) 997-5756 |
| 5/4/16 | 4:02 PM | (303) 997-5756 |
| 5/4/16 | 4:39 PM | (303) 997-5756 |

5. Plaintiffs bring this action for injunctive relief and statutory damages arising out of and relating to the conduct of Defendant in negligently, knowingly, and willfully contacting Plaintiffs and class members on their telephones using an artificial or prerecorded voice without their prior express written consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

**PARTIES**

6. Plaintiff Michelle Coulter is, and at all times mentioned herein was, a resident of Sacramento, California and a citizen of the State of California.

7. Plaintiff Richard Daniels is, and at all times mentioned herein was, a resident of Desert Hot Springs, California and a citizen of the State of California.

8. Defendant Ascent Mortgage Resource Group LLC d/b/a American Rent to Own is a Colorado corporation with its principal place of business located at 10200 East Girard Avenue, Suite 208, Denver, Colorado 80231.  Defendant advertises itself a rental home search service, and a means for consumers with poor credit to purchase a home.  Defendant's website, www.american-rent-to-own.com,  states "Find Your Home Now! Why Rent When You Can Own?" and instructs consumers to submit contact information through the website in order to search available rental homes.

**JURISDICTION AND VENUE**

9. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which, *inter alia*, amends 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as here: (a) there are 100 or more members in the proposed classes; (b) some members of the proposed classes have a different citizenship from Defendant; and (c) the claims of the proposed

CLASS ACTION COMPLAINT  2

class members exceed the sum or value of five million dollars ($5,000,000) in aggregate.  *See* 28 U.S.C. § 1332(d)(2) and (6).

10. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA.

11. Venue is proper in this Court under 28 U.S.C. § 1391 because Defendant transacts significant business within this District, Plaintiff Coulter resides within this District, and a substantial part of the events giving rise to Plaintiffs' claims took place within this District.

**FACTS COMMON TO ALL CAUSES OF ACTION**

**A. The Telephone Consumer Protection Act Of 1991**

12. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

13. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers," defined as equipment which "has the capacity … (a) to store or product telephone number to be called, using a random or sequential number generator; and (b) to dial such numbers."  47 U.S.C. § 227(a)(1).  Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

14. According to findings by the Federal Communications Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls are costly and inconvenient.  The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are paid.

15. On January 4, 2008, the FCC released a Declaratory Ruling confirming that autodialed and prerecorded message calls to a wireless number by (or on behalf of) a creditor are permitted *only* if the calls are made with the "prior express consent" of the called party.  The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was

provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed." Further, even where a wireless subscriber initially grants a creditor express consent to be called through the use of an auto-dialer, a wireless subscriber can revoke express consent orally under the TCPA. Thus, the TCPA equally outlaws the use of autodialed calls to a wireless number where the called party has revoked consent to be called at that wireless phone number.

**B.   Defendant's Calls to Plaintiffs and Class Members**

**Mr. Daniels**

16. Defendant called Mr. Daniels at least 11 times on his cellular telephone using an autodialer and/or an artificial or prerecorded voice. Mr. Daniels did not give Defendant prior express written consent to make these calls. Mr. Daniels requested that Defendant stop calling on several occasions. However, Defendant's calls continued despite his requests.

17. Defendant's calls were made from the telephone number (303) 997-5756.

18. Defendant's calls to Mr. Daniels were made with such frequency as to constitute harassment. For example, on April 11, 2016 Defendant called Mr. Daniels three times. Defendant then called six more times the next day.

19. When Mr. Daniels answered calls from Defendant, there was a pause before a recorded message began speaking, indicating the use of an automatic telephone dialing system. The recorded identified itself as American Rent to Own.

20. Mr. Daniels has never consented in writing to receive autodialed telephone calls from Defendant.

**Ms. Coulter**

21. Defendant called Ms. Coulter at least five times on her cellular telephone using an autodialer and/or an artificial or prerecorded voice. Ms. Coulter requested that Defendant stop calling during Defendant's first call to her on May 4, 2015. She continued to ask Defendant to stop calling, each and every time they called. However, Defendant's calls continued despite Ms. Coulter's requests.

CLASS ACTION COMPLAINT                                                                                                   4

22. Defendant's calls to Ms. Coulter were made from telephone number (303) 997-5756.

23. When Ms. Coulter answered calls from Defendant, there was silence, indicating the use of an automatic telephone dialing system.

**C.   Complaints Regarding Defendant's Unsolicited Robocalls and Autodialed Calls**

24. Online consumer complaints regarding Defendant's unsolicited robocalls and autodialed calls are abundant:

- "No message, they call up to 6 times in one day! When I call the number, it rings ONE TIME, then absolutely Nothing!! Now what!?"[1]

- "Last week same number called here 5 times in one day."[2]

- "Calls all day back to back!"[3]

- "Called for nearly 2 weeks, early & late each day."[4]

- "Call[ed] about 15 times in one hour. Call the number back no one answer[s]."[5]

- "They have called 3 times within a 3 hour time frame. The 1st call I couldn't answer and they didn't leave a message. The 2nd time I answered and said 'Hello' 3 times before the phone hung up. The 3rd time I answered it and it hung up on me. I called the number back and it said it was American Rent to Own."[6]

- "This number has called me 9 TIMES. Every 2 hours!"[7]

- "They constantly keep calling. Extremely annoying."[8]

- "They keep calling and hang up."[9]

- "Keeps calling numerous times a day, no message, if you answer they hang up."[10]

---

[1] http://800notes.com/Phone.aspx/1-303-997-5756
[2] *Id.*
[33] *Id.*
[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] http://800notes.com/Phone.aspx/1-303-997-5756/2
[8] http://www.whitepages.com/phone/1-303-997-5756
[9] *Id.*
[10] *Id.*

CLASS ACTION COMPLAINT                                                                                      5

## CLASS ACTION ALLEGATIONS

25. Plaintiffs bring this action on behalf of themselves and on behalf of all other persons similarly situated.

26. Plaintiffs propose the following Robocall Class definition, subject to amendment as appropriate:

> All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone or residential telephone line; (c) made by or on behalf of Defendant; (d) for whom Defendant had no record of prior express written consent; (e) and such phone call was made with the use of an artificial or prerecorded voice; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date class notice is disseminated.

27. Collectively, all these persons will be referred to as the "Robocall Class." Plaintiffs represent, and are members of, this proposed class. Excluded from the Robocall Class is the Defendant and any entities in which the Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

28. Plaintiffs also propose the following Autodialer Class definition, subject to amendment as appropriate:

> All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone; (c) made by or on behalf of Defendant; (d) for whom Defendant had no record of prior express written consent; (e) and such phone call was made with the use of an automatic telephone dialing system as defined under the TCPA; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date class notice is disseminated.

29. Collectively, all these persons will be referred to as the "Autodialer Class." Plaintiffs represent, and are members of, this proposed class. Excluded from the Autodialer Class is the Defendant and any entities in which the Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

30. Plaintiffs further propose the following Internal Do-Not-Call List ("IDNCL") Class definition, subject to amendment as appropriate:

> All persons within the United States who (a) after notifying Defendant that they no longer wished to receive calls from or on behalf of Defendant; (b) received one or more calls from or on behalf of Defendant; (c) using either an artificial or prerecorded voice or an automatic telephone dialing system as defined under the TCPA; (d) at any time in the period that begins four years before the filing of the complaint in this action to the date class notice is disseminated.

31. Collectively, all these persons will be referred to as the "IDNCL Class." Plaintiffs represent, and are members of, this proposed class. Excluded from the IDNCL Class is the Defendant and any entities in which the Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

32. Plaintiffs do not know the exact number of members in the proposed classes, but reasonably believe based on the scale of Defendant's business, and the number of online complaints, that the classes are so numerous that individual joinder would be impracticable.

33. Plaintiffs and all members of the proposed classes have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

34. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The proposed classes can be identified easily through records maintained by Defendant.

35. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed classes. Those common question of law and fact include, but are not limited to, the following:

   a. Whether Defendant made telephone calls to class members using an artificial or prerecorded voice without their prior express written consent;

   b. Whether Defendant's conduct was knowing and/or willful;

   c. Whether Defendant made harassing, oppressive, or abusive telephone calls;

   d. Whether Defendant is liable for damages, and the amount of such damages, and

e. Whether Defendant should be enjoined from engaging in such conduct in the future.

36. As persons who received numerous and repeated calls on their telephones through the use of an artificial or prerecorded voice, without their prior express written consent, Plaintiffs assert claims that are typical of each member of the classes. Plaintiffs will fairly and adequately represent and protect the interests of the proposed classes, and have no interests which are antagonistic to any member of the proposed classes.

37. Plaintiffs have retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

38. A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel Defendant to comply with the TCPA. The interest of the members of the proposed classes in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violations of the TCPA are relatively small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the classes, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

39. Defendant has acted on grounds generally applicable to the proposed classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed classes as a whole appropriate. Moreover, on information and belief, Plaintiffs allege that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

### FIRST COUNT
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

40. Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint as if fully stated herein.

41. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

42. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs and members of the proposed classes are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

43. Plaintiffs and members of the proposed classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

44. Plaintiffs and members of the proposed classes are also entitled to an award of attorneys' fees and costs.

## SECOND COUNT
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

45. Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint as if fully stated herein.

46. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

47. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs and members of the classes are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

48. Plaintiffs and members of the proposed classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

49. Plaintiffs and members of the proposed classes are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court grant Plaintiffs and all members of the proposed classes the following relief against Defendant:

a. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

b. As a result of Defendant's willful and/or knowing violations of the TCPA, Plaintiffs seeks for themselves and each member of the proposed classes treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

c. As a result of Defendant's violations of the TCPA, Plaintiffs seek for themselves and each member of the proposed classes $500.00 in statutory damages for each and every call that violated the TCPA;

d. An award of attorneys' fees and costs to counsel for Plaintiffs and the proposed classes;

e. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate classes, finding that Plaintiffs are proper representatives of the classes, and appointing the lawyers and law firm representing Plaintiffs as counsel for the classes;

f. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury of any and all issues in this action so triable of right.

Dated:  September 20, 2016            Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:  */s/ L. Timothy Fisher*
        L. Timothy Fisher

L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Yeremey O. Krivoshey (State Bar No.295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Email:  ltfisher@bursor.com
            apersinger@bursor.com
            ykrivoshey@bursor.com

CLASS ACTION COMPLAINT                                                                                        10

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com

*Attorneys for Plaintiffs*