David G. Hagopian, State Bar No. 145171
dhagopian@cdflitigation.com
Jeffrey Sikkema, State Bar No. 164367
jsikkema@cdflitigation.com
CAROTHERS DISANTE & FREUDENBERGER LLP
2600 Michelson Drive
Suite 800
Irvine, California 92612
Telephone: (949) 622-1661
Facsimile: (949) 622-1669

Attorneys for Defendant
ASCENT MORTGAGE RESOURCE GROUP LLC d/b/a
AMERICAN RENT TO OWN

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHELLE COULTER and RICHARD DANIELS, on Behalf of Themselves and all Others Similarly Situated,<br><br>Plaintiffs,<br>vs.<br><br>ASCENT MORTGAGE RESOURCE GROUP LLC d/b/a AMERICAN RENT TO OWN,<br><br>Defendant. | Case No. 2:16-cv-02237<br><br>Assigned for All Purposes To:<br>Judge: Stanley A. Bastian<br><br>**STIPULATION REGARDING CONFIDENTIAL INFORMATION**<br><br>Action Filed: September 20, 2016 |

This Stipulation Regarding Confidential Information ("Stipulation") is entered into by and between Plaintiffs MICHELLE COULTER and RICHARD DANIELS, on behalf of themselves and all others similarly situated, and Defendant ASCENT MORTGAGE RESOURCE GROUP LLC d/b/a AMERICAN RENT TO OWN (each hereafter a "Party," and collectively, the "Parties"), by and through their respective counsel of record in the above-captioned litigation (the "Action").

The Parties enter into this Stipulation regarding the treatment of information that may be produced in this case that one or more of the Parties may consider to be confidential. The Parties agree to the terms set forth herein in consideration of the Court's practice of not issuing blanket protective orders governing discovery in the case, but rather considers issues of confidentiality

based on the specific discovery in issue. *See Ruiz v. Mercer Canyon*, Case No. 1:14-cv-3032-SAB, United States District Court, Eastern District of Washington, Order dated August 18, 2014.

**DISCOVERY AND DEPOSITIONS**

1. Any document, material, information or testimony (collectively hereinafter "Material"), or any portion thereof, produced or furnished in connection with this Action, whether by a Party or a non-party, that is reasonably believed by any Party or non-party to contain confidential or sensitive business or personal information, may be designated, in whole or in part, as "Confidential." In addition, any Material that is believed by any Party or non-party to contain or constitute highly confidential information or trade secrets or information protected by a right of privacy, may be designated, in whole or in part, as "Confidential-Attorneys' Eyes Only."

2. The Material that may be designated as "Confidential" or "Confidential-Attorneys' Eyes Only" includes the following:

a. personal information of individuals, including but not limited to, contact information;

b. business records of the parties disclosing customers, potential customers and business relationships;

c. business records of the parties that contain information regarding business and operational methods;

d. financial information; and

e. trade secrets and similar confidential business information.

3. Any Material other than deposition testimony may be designated as "Confidential" or "Confidential-Attorneys' Eyes Only" in either of the following ways: (i) by stamping or otherwise marking the document or other tangible item as "Confidential" or "Confidential-Attorneys' Eyes Only;" or (ii) by a letter addressed to all counsel in the Action identifying the Material and designating such as "Confidential" or "Confidential-Attorneys' Eyes Only."

4. Counsel for any Party or non-party may designate deposition testimony as "Confidential" or "Confidential-Attorneys' Eyes Only" by indicating on the record at the deposition that the testimony of the deponent is to be treated as such, or by sending a letter

addressed to all counsel in the Action that identifies all pages and lines of the transcript being designated as "Confidential" or "Confidential-Attorneys' Eyes Only" within 30 days after receipt of the transcript by counsel making the designation. To maintain the confidentiality of any deposition testimony or exhibits that have been designated as "Confidential" or "Confidential-Attorneys' Eyes Only," the court reporter who transcribes the deposition testimony shall mark the cover page of the deposition transcript to indicate that Material designated as "Confidential" or "Confidential-Attorneys' Eyes Only" is contained therein. The Party or non-party claiming that the deposition testimony or exhibits should be deemed "Confidential" or "Confidential-Attorneys' Eyes Only" shall inform the court reporter and request that the transcript be marked accordingly.

5. Unless otherwise authorized by this Stipulation, by subsequent written agreement of the Parties, or by Court order, any Material that is designated as "Confidential" may be disclosed only to the following "Qualified Persons":

a. The officers, directors, and employees of named Parties in this Action, including the individual named Plaintiffs, on a "need to know" basis;

b. Inside or outside counsel for the Parties, including members of such attorneys' law firm staff (e.g., paralegals, legal secretaries and law clerks);

c. Experts retained for purposes of this Action to whom disclosure is reasonably necessary for this litigation and who have signed the "Certification and Confidentiality Agreement" that is attached hereto as Exhibit A;

d. Outside photocopying, document storage, document management, data processing, graphic production or translating services employed or retained by the parties or their counsel to assist in this litigation, provided that such services are provided with a copy of this Stipulation and have executed the "Certification and Confidentiality Agreement" that is attached hereto as Exhibit A;

e. Any deponent, provided that the deponent is provided with a copy of this Stipulation and has executed the "Certification and Confidentiality Agreement" that is attached hereto as Exhibit A;

f. The Court and court personnel subject to the processes set forth below governing the submission of Material designated as "Confidential";

g. Court reporters or videographers recording deposition proceedings in this action;

h. Mediators selected by the Parties;

i. Mock jurors used in preparation for trial in this action who have been provided with a copy of this Stipulation and have executed the "Certification and Confidentiality Agreement" that is attached hereto as Exhibit A; and

j. the author, recipient, or anyone who has previously seen the document or the original source of the information.

6. Unless otherwise authorized by this Stipulation, by subsequent written agreement of the Parties, or by Court order, any Material that is designated as "Confidential-Attorneys' Eyes Only" may be disclosed only to the following:

a. outside counsel for the Parties, including members of such attorneys' law firm staff (e.g., paralegals, legal secretaries and law clerks);

b. Experts retained for purposes of this Action to whom disclosure is reasonably necessary for this litigation and who have signed the "Certification and Confidentiality Agreement" that is attached hereto as Exhibit A;

c. Outside photocopying, document storage, document management, data processing, graphic production or translating services employed or retained by the parties or their counsel to assist in this litigation, provided that such services are provided with a copy of this Stipulation and have executed the "Certification and Confidentiality Agreement" that is attached hereto as Exhibit A;

d. Any deponent, provided that the deponent is provided with a copy of this Stipulation and has executed the "Certification and Confidentiality Agreement" that is attached hereto as Exhibit A;

e. The Court and court personnel subject to the processes set forth below governing the submission of Material designated as "Confidential";

f. Court reporters or videographers recording deposition proceedings in this action;

g. Mediators selected by the Parties;

h. Mock jurors used in preparation for trial in this action who have been provided with a copy of this Stipulation and have executed the “Certification and Confidentiality Agreement” that is attached hereto as Exhibit A; and

i. the author, recipient, or anyone who has previously seen the document or the original source of the information.

7. Except for the deponent, no person shall attend those portions of any deposition at which Material that has been designated as “Confidential” or “Confidential-Attorneys’ Eyes Only” is discussed or used as an exhibit, unless such person is a Qualified Person or a person under paragraph 6 authorized to view such material.

8. All material produced in this action, including but not limited to Material designated as “Confidential” or “Confidential-Attorneys’ Eyes Only” shall be used only in connection with the prosecution or defense of this Action or in a bankruptcy action involving ASCENT MORTGAGE RESOURCE GROUP LLC d/b/a AMERICAN RENT TO OWN, if any, commenced before this Action is fully and finally adjudicated or otherwise resolved.

9. With respect to discovery or other proceedings in which a Party wishes to submit Material designated as “Confidential” or “Confidential-Attorneys’ Eyes Only” to the Court, all such Materials shall be filed and/or lodged with the Court pursuant to Local Rule 141 of the Eastern District of California.

10. The failure of a Party to file a motion or application to seal in accordance with the aforementioned Rules of Court shall not operate as or result in a waiver of the right of such Party to have the Material designated as “Confidential” or “Confidential-Attorneys’ Eyes Only” for other purposes.

11. If Material designated as “Confidential” or “Confidential-Attorneys’ Eyes Only” is inadvertently disclosed without being marked as such, such inadvertence shall not be deemed a waiver of its confidentiality. If it is understood by or communicated to the person receiving the

Material that confidential treatment was intended, then that Material shall be treated as such unless and until the person who disclosed it states that confidential treatment was not intended. At such time as the Material is designated as “Confidential” or “Confidential-Attorneys’ Eyes Only,” it shall be treated as such, and all recipients thereof shall take prompt steps to assure that it is stamped or marked as “Confidential” or “Confidential-Attorneys’ Eyes Only” or returned to the person who disclosed it for such marking.

12. In the event that Material designated as “Confidential” or “Confidential-Attorneys’ Eyes Only” is either intentionally or inadvertently, disclosed to someone not authorized to receive it, counsel of record for any Party who is involved in or aware of such disclosure shall immediately give written notice of the same to all Parties, and also shall disclose the circumstances of the unauthorized disclosure or breach to the extent known.

13. Any Party may challenge the designation of Material as “Confidential” or “Confidential-Attorneys’ Eyes Only” by giving written notice of such challenge or objection to the Party who made the confidentiality designation. The objecting party and the producing Party shall meet and confer in good faith to attempt to reach an agreement within fifteen (15) days after the receipt of written notice of the objection. If no agreement is reached, the Party objecting to the designation shall have twenty-five (25) days from the receipt of such written notice to apply to the Court for an order de-designating that information as Confidential or “Confidential-Attorneys’ Eyes Only”. The Party who made the designation shall have the burden on any such motion of establishing the applicability of its “Confidential” or “Confidential-Attorneys’ Eyes Only” designation. Any challenges to confidentiality designations shall be resolved according to applicable California law.

14. Notwithstanding the pendency of any challenge to the designation of Material as “Confidential” or “Confidential-Attorneys’ Eyes Only,” all Material so designated shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs: (a) the Party designating the “Confidential” or “Confidential-Attorneys’ Eyes Only” withdraws such designation in writing; or (b) the Court rules that the Material is not appropriate for “Confidential” or “Confidential-Attorneys’ Eyes Only” designation.

15. In the event that a Qualified Person or a person under paragraph 6: (a) is served with a subpoena in another action, (b) is served with a demand in another action to which the Qualified Person or a person under paragraph 6 is a party, or (c) is served with any other legal process that seeks Material designated as “Confidential” or “Confidential-Attorneys’ Eyes Only” that was produced or designated as such in this Action by someone other than the Qualified Person or a person under paragraph 6 who receives the subpoena, demand or other legal process, such person shall give prompt written notice of the receipt of such subpoena, demand or other written notice to the Party who produced or designated the Material as “Confidential” or “Confidential-Attorneys’ Eyes Only,” and shall object to its production on the grounds that such information is “Confidential” or “Confidential-Attorneys’ Eyes Only” subject to this Stipulation and Order. The burden of opposing the enforcement of the Demand shall fall upon the party or non-party who produced or designated the material as “Confidential” or “Confidential-Attorneys’ Eyes Only.” Unless the party or non-party who produced or designated the “Confidential” or “Confidential-Attorneys’ Eyes Only” obtains an order directing that the Demand not be complied with, and serves such order upon the Receiver prior to production pursuant to the Demand, the receiving party shall be permitted to produce documents responsive to the Demand on the Demand response date. Compliance by the Receiver with any order directing production pursuant to the Demand of any “Confidential” or “Confidential-Attorneys’ Eyes Only” shall not constitute a violation of this Stipulation. However, the receiving party shall not produce Material while a motion to quash or motion for a protective order is pending by the party or non-party who produced or designated the “Confidential” or “Confidential-Attorneys’ Eyes Only” Material. Nothing in this Stipulation shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

16. The provisions of this Stipulation may be modified at any time by stipulation of the Parties. In addition, a Party may at any time apply to the Court for modification of this Stipulation pursuant to noticed motion.

17. This Stipulation does not govern, and is not intended to govern, the use of Material designated as “Confidential” or “Confidential-Attorneys’ Eyes Only” at trial in this Action. The

use of Material designated as "Confidential" or "Confidential-Attorneys' Eyes Only" at trial in this Action is a subject that the Parties intend to address with the Court at the appropriate time.

18. Within 30 days of the final determination of this Action, whether by judgment, settlement or otherwise, and including any appeal from a final judgment, any Party who is in possession of physical or electronic Materials that have been designated Confidential or "Confidential-Attorneys' Eyes Only" shall either destroy or return such documents or copies to the Party or other person who produced them, except that this paragraph shall not apply to counsels' copies of pleadings, briefs or declarations (excluding Confidential or "Confidential-Attorneys' Eyes Only" exhibits) that have been lodged or filed with the Court. Written confirmation of such return shall be forwarded to the Party or person producing such Material designated as "Confidential" or "Confidential-Attorneys' Eyes Only" or that Party or person's counsel, upon request. Counsel shall be entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert report product, even if such materials contain Confidential Information or Highly Confidential Information, so long as such pleadings, affidavits, motions, briefs, other papers filed with the Court, deposition transcripts, and the trial record (including exhibits), in accordance with the provisions of this Stipulation, are clearly marked to reflect that they contain information subject to this Stipulation, and maintained as such.

**SO STIPULATED:**

Dated: April 6, 2017 BURSOR & FISHER, P.A.

By: /s/ Yeremey O. Krivoshey
Yeremey O. Krivoshey
Attorneys for Plaintiffs
MICHELLE COULTER and RICHARD DANIELS

Dated: April 6, 2017

CAROTHERS DISANTE & FREUDENBERGER LLP

By: /s/ Jeffrey L. Sikkema
Jeffrey L. Sikkema
Attorneys for Defendant
ASCENT MORTGAGE RESOURCE GROUP LLC

**<u>EXHIBIT "A"</u>**

**Certification and Confidentiality Agreement**

*Michelle Coulter, et al. v. Ascent Mortgage Resource Group LLC, et al.*

I hereby acknowledge that I have received or will be receiving information identified or designated "Confidential" or "Confidential-Attorneys' Eyes Only" pursuant to the terms of a Stipulation Regarding Confidential Information ("Stipulation") entered in litigation entitled *Michelle Coulter, et al. v. Ascent Mortgage Resource Group LLC, et al.*, Case No. 2:16-cv-02237, United States District Court, Eastern District of California. I have been given a copy of, and have read and understand, the Stipulation. I understand that: (i) I am to make no copies of any such information except as is necessary in connection with my services the above-referenced litigation; (ii) that any such information or copies thereof that are within my possession shall be physically protected as in the Stipulation provided; (iii) I may use the information only for purposes of this litigation and for no other litigation, and shall not use it for any business or other purpose; and (iv) such Information and copies thereof are to remain in my personal custody (subject to item (ii) above) until I have completed my assigned duties, whereupon they are to be either destroyed or returned to counsel who provided me with such information. I further agree to notify any personnel under my supervision or control whose functions require access to the information of the terms of the Stipulation. I also agree not to disseminate any information or materials derived from such information to anyone, or make disclosure of any such information, except for purposes of the above-referenced litigation as permitted by the Stipulation or by order of the Court. I further understand that violation by me of the terms herein may be punishable accordingly, and that this declaration may be filed in the United States District Court, Eastern District of California.

Dated: ____________________________ Name: ________________________________________

Title: __________________________________________

Company: ______________________________________