**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Yeremey O. Krivoshey (State Bar No. 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:    ltfisher@bursor.com
                ykrivoshey@bursor.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE COULTER and RICHARD DANIELS, on Behalf of Themselves and all Others Similarly Situated,<br><br>Plaintiffs,<br>v.<br><br>ASCENT MORTGAGE RESOURCE GROUP LLC, d/b/a AMERICAN RENT TO OWN<br><br>Defendant. | Case No.  2:16-cv-02237-SB<br><br>**JOINT SUPPLEMENTAL BRIEFING RE** *ACA INTERNATIONAL*<br><br><br>The Honorable Stanley A. Bastian |

1      Plaintiffs Michelle Coulter and Richard Daniels and Defendant Ascent Mortgage Resource

2 Group LLC, d/b/a American Rent to Own submit this joint supplemental briefing regarding the

3 impact of *ACA Int'l v. Fed. Commc'n Comm'n*, 885 F.3d 687 (D.C. Cir. 2015) ("*ACA*") on this case

4 pursuant to the Court's 5/18/17 Order staying the case (ECF No. 25).

5 **I.  PLAINTIFFS' POSITION**

6      Below, Defendant contends that "the D.C. Circuit in *ACA Int'l v. FCC* threw out the FCC's

7 definition of ATDS" and therefore requests that the Court "lift the stay solely for the purpose of a

8 motion for summary judgment based on the ATDS issue" or alternatively "maintain the stay … until

9 the Ninth Circuit decides the case of *Marks v. Crunch San Diego LLP*."  As detailed below,

10 Defendant's contentions are wrong and its requests are inappropriate.

11      **A.      *ACA* Has No Impact On This Case**

12      First, Defendant's contention that the D.C. Circuit "threw out the FCC's definition of

13 ATDS" when it comes to predictive dialers is incorrect, as the FCC (and Ninth Circuit's) guidance

14 on this issue long predates the 2015 FCC Order that was at issue in *ACA*.  The only matter before

15 the D.C. Circuit in *ACA* was a Hobbs Act appeal from certain portions of a 2015 FCC order.  In a

16 Hobbs Act appeal, the court has authority "to enjoin, set aside, suspend (in whole or in part), or to

17 determine the validity of" final FCC orders.  28 U.S.C. § 2342.  The Hobbs Act does not give the

18 court jurisdiction to do more than that.  Indeed, the *ACA International* court expressly limited its

19 analysis to "review of [the] 2015 order[.]"  *ACA International,* 2018 WL 1352922 at *1 and *9

20 ("Applying [the APA's] standards to petitioners' four sets of challenges *to the Commission's 2015*

21 *Declaratory Ruling* …") (emphasis added).  Accordingly, *ACA* is best viewed as rolling the clock

22 back to 2014, before the FCC had issued the portions of its 2015 order that relate to the definition of

23 an ATDS.  Thus, the Court here should interpret the statute in light of controlling decisions of the

24 Ninth Circuit, the 2003 and 2008 FCC orders, and traditional canons of statutory interpretation.

25      Ninth Circuit decisions are binding precedent here on at least two questions regarding the

26 definition of ATDS.  First, a 2009 decision, *Satterfield v. Simon & Schuster, Inc*., 569 F.3d 946 (9th

27 Cir. 2009), requires courts to give meaning to the term "capacity" in the ATDS definition.  It holds

28

that the district court erred by focusing on whether the dialer actually stored, produced, or called numbers using a random or sequential number generator.  Instead, the district court should have asked whether the device had the *capacity* to do so.  Second, *Meyer v. Portfolio Recovery Assocs., LLC*, decided three years before the FCC's 2015 Order, 707 F.3d 1036 (9th Cir. 2012), adopted the view that "capacity" is not limited to present ability.[1]

Moreover, the FCC's 2003 and 2008 Orders make clear that a device cannot be excluded from the definition of ATDS because it dials from a given set of numbers rather than from randomly or sequentially generated numbers:

> [T]o exclude from these restrictions equipment that use predictive dialing software from the definition of "automated telephone dialing equipment" simply because it relies on a given set of numbers would lead to an unintended result. Calls to emergency numbers, health care facilities, and wireless numbers would be permissible when the dialing equipment is paired with predictive dialing software and a database of numbers, but prohibited when the equipment operates independently of such lists and software packages. We believe the purpose of the requirement that equipment have the "capacity to store or produce telephone numbers to be called" is to ensure that the prohibition on autodialed calls not be circumvented. Therefore, the Commission finds that a predictive dialer falls within the meaning and statutory definition of " automatic telephone dialing equipment" and the intent of Congress.

2003 FCC Order, at ¶ 133; *see also* 2008 FCC Order, at ¶ 12 (rejecting the proposition that "a predictive dialer meets the definition of autodialer only when it randomly or sequentially generates telephone numbers, not when it dials numbers from customer telephone lists.").

Even without the 2003 and 2008 FCC Orders and Ninth Circuit authority, any device that stores and dials numbers without human intervention is an ATDS.  47 U.S.C. § 227(a)(1).  The statute only requires an ATDS to "store *or* produce telephone numbers[.]"  *Id.* (emphasis added).  *See Dominguez v. Yahoo, Inc.*, 629 Fed. Appx. 369, 373 n.1 (3d Cir. 2015).  Traditional canons of

---

[1] "[Defendant] argues that its dialers do not have the present capacity to store or produce numbers using a random or sequential number generator.  As we explained in *Satterfield v. Simon & Schuster, Inc.,* the clear language of the TCPA 'mandates that the focus must be on whether the equipment has the *capacity* `to store or produce telephone numbers to be called, using a random or sequential number generator.' . . . PRA's securities filing shows that PRA uses predictive dialers. PRA does not dispute that its predictive dialers have the capacity described in the TCPA. This is sufficient to determine that PRA used an automatic telephone dialing system."  *Meyer*, 707 F.3d at 1043.

statutory construction support a reading of the statute that treats "storage" of telephone numbers separately from "production" of those numbers.  The Last Antecedent Rule says that a limiting clause or phrase "should ordinarily be read as modifying only the noun or phrase that it immediately follows."  *Barnhart v. Thomas*, 540 U.S. 20, 26 (2003).  Applying this rule to § 226(a)(1)(A), the phrase "using a random or sequential number generator" modifies the word "produce" rather than the word "store."  Moreover, the position that an ATDS must store numbers using a number generator is nonsensical, as number generators by definition *produce* numbers, not *store* them.

Here, Defendant has conceded that its equipment stores and dials numbers without human intervention.  *See* MTD Opp. (ECF No. 16-1) at 3-4 ("The numbers are not dialed manually.  … [T]he telephone system dials the numbers.  When a call is picked up at the other end, the call is sent to an Ascent Mortgage representative.  So in some sense, Ascent Mortgage uses a telephone system that might be described as an 'autodialer.'  … [T]hese numbers were collected and stored in the database in the form of lists.  The equipment is then activated to call the numbers on the applicable list.").  Moreover, Plaintiffs believe they will be able to prove that the equipment is capable of random or sequential number generation if given the opportunity to legitimately pursue discovery in this case.  Based on the above, the *ACA* decision is irrelevant to this case.

> **B.    Defendant's Request For The Court To Deprive Plaintiffs Of Discovery While It Proceeds On A Motion For Summary Judgment Is Improper**

Defendant argues that due to its "precarious financial condition," the Court should "lift the stay solely for the purpose of a motion for summary judgment."  Such a course of action would be patently unfair.  Plaintiffs have not yet had a legitimate opportunity to take discovery regarding the nature and capabilities of the equipment used to call them or to examine any witnesses regarding the same.  And while Defendant states that its motion will be based on two declarations, Plaintiffs have not had the opportunity to examine either of these witnesses by deposition.  In this regard, Plaintiffs require discovery not only from Defendant but also from the vendor which supplied its dialing equipment.  The Ninth Circuit and the US Supreme Court have made clear that it would be

improper for the Court to rule on any such motion without giving both parties a fair opportunity to take discovery and gather evidence. *See Metabolife Int'l Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001) ("[T]he Supreme Court has restated [Fed. R. Civ. P. 56(d)] as requiring, rather than merely permitting, discovery where the non-moving party has not had the opportunity to discover information that is essential to its opposition.") (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 n. 5, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

Finally, Defendant's argument that the case should be stayed due to its financial condition is not persuasive. First, it cites no authority that this should form the basis for a stay. But more importantly, this argument is particularly perverse since Defendant has given no indication that it has ceased its illegal activity. To the contrary, Defendant recently designated another case as related to this one based on allegations that it used the same equipment to violate the TCPA on February 22, 2018. See ECF No. 27. Defendant's cries of poverty have only provided it cover to continue its illegal acts against class members since this case was stayed nearly one year ago.

### C.      Both Parties Believe That A Stay Is Unnecessary

Finally, Defendant argues stated that "the Court may wish" to maintain the stay pending the Ninth Circuit's forthcoming decision in *Marks v. Crunch San Diego LLP*. But Defendant's briefing makes clear that neither party believe that this is necessary. Defendant has argued that the law is sufficiently clear for it to proceed with a motion for summary judgment, while Plaintiffs believe that the law is sufficiently clear for them to meet their burden in this case.

Given that *ACA International* does not impact controlling Ninth Circuit decisions, the 2003 and 2008 FCC Orders, or traditional cannons of statutory interpretation, there is no reason to stay this case pending resolution of *Marks*.

## III.      DEFENDANT'S POSITION

The title put on this pleading by plaintiffs' counsel, "Joint Supplemental Briefing Re ACA International," and the statements in "Plaintiffs' Position," above, demonstrate precisely why the court should either proceed to decide the issue of an "automatic telephone dialing system"

("ATDS"), on a summary judgment basis, or continue the stay of this case until the Ninth Circuit decides Marks v. Crunch San Diego.

Defendant disagrees with the title of this pleading because plaintiff's counsel is treating this brief statement about the ACA decision as though this is a summary judgment motion and as though the court is going to decide the statutory definition of an ATDS at this time.  Defendant will brief that issue when the time comes, on a motion for summary judgment.  Plaintiffs' counsel's attempt to preempt it at this time shows it is a key dispositive issue in the case and  a motion for summary judgment based on that issue is appropriate and in the interests of judicial efficiency and the most economical way to proceed for all concerned.

Defendant also disagrees with the statement in Plaintiffs' Position that "Both Parties Believe that A Stay is Unnecessary."  Defendant's position is quite clearly that the stay should remain in effect except as to a summary judgment motion on the ATDS issue.  In the alternative, the court might elect to keep the entire stay in effect until the Ninth Circuit decides Marks v. Crunch San Diego.  Given the discussion in Plaintiffs' Position that even though the D.C. Circuit threw out the FCC's gloss on the statutory language, this court nevertheless is bound to accept that same gloss, if the court is even inclined to entertain such a positon, it may wish to wait until the Ninth Circuit gives further guidance.

As the Court is aware, this case is brought under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Plaintiffs allege Defendant made calls to their cell phones without their consent and in violation of the TCPA.

Defendant denies Plaintiffs' allegations. Most pertinent to the current status of the case, an essential element of Plaintiffs' TCPA claim is that Defendant used an "automatic telephone dialing system," or "ATDS," as defined in 47 U.S.C. § 227(a)(1)(A) and (B).

Defendant contends that its equipment is not an ATDS as defined by the statute, and that this issue is dispositive of the case. On the motion to stay, Defendant submitted declarations

from Mr. Chris Robinson and Mr. Geoff Mina which established that fact. Defendant brought its motion to stay based on the pending court cases regarding the definition of an ATDS. The FCC had issued a ruling on what constitutes an ATDS under the statute, and the FCC's interpretation was being challenged in petitions pending before the D.C. Circuit in the case of *ACA Int'l v. FCC*.

As noted in the Notice filed by the parties of April 9, 2018, the D.C. Circuit issued its ruling on March 16, 2018. Among other things, the D.C. Circuit in *ACA Int'l v. FCC* threw out the FCC's definition of ATDS.

The FCC's gloss on the statutory definition of an ATDS had created unnecessary and significant confusion regarding the applicability of the TCPA in many instances. Now that the confusion created by the FCC has been removed, the proper analysis of the issue is ordinary statutory construction of the language of the statute, specifically, the definition of an ATDS. As such, Defendant contends the statute is relatively straightforward, and an ATDS was not used by Defendant in this case.

Because an essential element of Plaintiff's claims is that an ATDS must have been used, as no ATDS was used, this case is ripe for summary judgment based on that issue.

Given Defendant's precarious financial condition, Defendant believes the best course of action is to partially lift the stay solely for the purpose of a motion for summary judgment based on the ATDS issue.

Alternatively, the Court may wish to maintain the stay for a brief additional period until the Ninth Circuit decides the case of *Marks v. Crunch San Diego LLP*. That case arose out of the District Court for the Southern District of California in San Diego. The district court decided that case in 2014, and it rejected the FCC's interpretation of an ATDS. The case was appealed, and it is pending before the Ninth Circuit. The case was briefed and argued. On December 14, 2016, the Ninth Circuit stayed the case pending the decision by the D.C. Circuit in *ACA Int'l v. FCC*. Now that the D.C. Circuit has ruled, the Ninth Circuit has ordered additional briefing on

the impact of *ACA Int'l v. FCC* on that case. It should be noted, however, there is no guarantee that the Ninth Circuit will issue a definitive ruling on the ATDS issue in the *Marks* case.


Dated:  April 24, 2018

**BURSOR & FISHER, P.A.**

By:   */s/ Yeremey O. Krivoshey*
       Yeremey O. Krivoshey

L. Timothy Fisher (State Bar No. 191626)
Yeremey O. Krivoshey (State Bar No.295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Email:  ltfisher@bursor.com
      ykrivoshey@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com

*Attorneys for Plaintiff*


Dated:  April 24, 2018

**CAROTHERS DISANTE & FREUDENBERGER LLP**

By:   */s/ Jeffrey Sikkema*
       Jeffrey Sikkema

David G. Hagopian, State Bar No. 145171
dhagopian@cdflitigation.com
Jeffrey Sikkema, State Bar No. 164367
jsikkema@cdflitigation.com
2600 Michelson Drive
Suite 800
Irvine, California 92612
Telephone: (949) 622-1661
Facsimile:  (949) 622-1669


*Attorneys for Defendant*